UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:05-cr-00071-JAW |
| | ) | |
| COSME SANCHEZ RAMIREZ | ) | |

## ORDER ON MOTION FOR RECONSIDERATION

Cosme Sanchez-Ramirez returns again requesting reconsideration of the Court's imposition of a mandatory minimum 180 month sentence for possession of a firearm after having been convicted of three burglaries. *Def.'s Mot. for Recons.* (ECF No. 315). Mr. Sanchez-Ramirez explains that he is forty-nine years old, that his visit to the pawn shop and brief possession of a 9-mm firearm was not to hurt anyone but himself, that he was having some psychological problems from which he has recovered, and that he wants to be released in order to "have a chance to live again." *Id.* at 1-2. The Government objects on the ground that "there is no legal mechanism or basis to now reconsider the sentence that the district court imposed." *Gov't's Resp. to Def.'s Mot. for Recons.* at 1 (ECF No. 316).

Mr. Sanchez-Ramirez asks the Court to exercise a discretion it does not have. This Court has repeatedly explained to Mr. Sanchez-Ramirez that it imposed the 180-month sentence under the Armed Career Criminal Act (ACCA), a provision of the law that requires a sentence of at least 180 months for defendants who possess a firearm after having previously committed at least three burglaries. *Sentencing Order* (ECF No. 222); *Order on Mot. to Reduce Sentence* (ECF No.. 256); *Order*

*Denying Mot. for Appointment of Counsel and Mot. for Recons.* at 4 (ECF No. 301). The First Circuit Court of Appeals has made the same point to Mr. Sanchez-Ramirez. *United States v. Sanchez-Ramirez*, 570 F.3d 75, 81 (1st Cir. 2009) ("The ACCA imposes a fifteen year mandatory minimum sentence on anyone convicted of violating 18 U.S.C. § 922(g)—unlawful firearms possession—who has three prior convictions for certain drug crimes or violent felonies"). To reiterate, even though a 180-month sentence is a long sentence for the brief possession of a firearm in a pawn shop, under federal law it is the most lenient sentence the Court is allowed to impose on someone who, like Mr. Sanchez-Ramirez, possessed a firearm after having previously been convicted of three burglaries. Moreover, there are procedural reasons that a sentence that has long ago become final cannot be revisited by the sentencing court.

Despite these attempts to explain to Mr. Sanchez-Ramirez that he received the lowest sentence for his crime that the Court could legally impose, he continues to return to the Court to ask for a lower sentence. To be clear, the Court cannot legally issue a lower sentence. The Court does not doubt what Mr. Sanchez-Ramirez has said—that he feels much better psychologically and that he would prefer to be released from prison so that he can go on with life, but the Court cannot reconsider and reduce a mandatory minimum sentence because its 180-month sentence is mandatorily the minimum sentence it could legally impose and, in any event, the time to challenge the sentence has long since expired.

The Court DENIES Cosme Sanchez-Ramirez's Motion for Reconsideration (ECF No. 315).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 11th day of December, 2012